[Cite as *Hulec v. Ohio Dept. of Transp., Dist. 4*, 2010-Ohio-4215.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD F. HULEC

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 4

    Defendant

    Case No. 2009-06150-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Richard F. Hulec, filed this complaint against defendant, Department of Transportation (ODOT), alleging a 2007 Hyundai Sonata he was driving was damaged on June 1, 2009 as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 8 in the Village of Northfield, Ohio. In his complaint, plaintiff described the particular damage incident noting: "I was driving north on State Route 8 (Northfield Road) in the curb lane when an animal darted across the road, causing me to steer to the right. The tires on my 2007 Hyundai Sonata rubbed the curb, but due to a storm sewer sticking out approx. eight (8) inches from the curb, my tires and wheels struck the sharp steel." The contact with the storm sewer cover caused tire and wheel damage to plaintiff's vehicle. After the damage incident, plaintiff filed a "Traffic Crash Report" (copy submitted) on June 2, 2009 with the Village of Northfield Police Department. According to information contained in the "Traffic Crash Report," the damage event occurred at approximately 4:00 p.m. on a straight dry section of roadway as the plaintiff was traveling about 25 mph. Plaintiff filed this complaint seeking to recover damages in the amount of $811.48

representing the total cost of replacement parts and related repair expenses plaintiff incurred as a result of the 2007 Hyundai Sonata striking "this misaligned sewer" on State Route 8.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2}   Defendant filed an investigation report asserting the site on State Route 8 where plaintiff's incident occurred "falls under the maintenance jurisdiction of the Village of Northfield" and consequently, ODOT is not a proper party defendant in this action. Defendant explained ODOT "only has maintenance responsibilities on the traveled portion of the road (on State Route 8 within the Village of Northfield), longitudinal striping, snow and ice removal and installing and maintaining regulatory and warning signs."   Defendant specifically denied the storm sewer plaintiff's vehicle struck was located on a portion of roadway under the maintenance jurisdiction of ODOT. Consequently, defendant requested the court dismiss plaintiff's claim.

{¶ 3}   Defendant submitted a copy of a 1968 Village of Northfield Ordinance which outlines ODOT's statutory responsibilities for roadway maintenance on State Route 8 inside the village corporation limits.   This Ordinance No. 1968-83 states in pertinent part that ODOT shall be required to provide "general maintenance of the travelled roadway surfaces of the State Highways."  Furthermore, Ordinance No. 1968-83 provides:

{¶ 4}   "WHEREAS.  This ordinance shall in no manner relieve or discharge the said village from any claim or claims of any nature arising from, or growing out of the maintenance by the Department of Highways of the State of Ohio of said highways in said village, and the said village shall save the State of Ohio harmless from any and all such claims."

{¶ 5}   Also, Ordinance No. 1968-83 specifically states:

{¶ 6}   "Said village shall save the Department of Highways of the State of Ohio and the State of Ohio from any and all claims of any nature arising from or growing out of the maintenance of the highways within said village as aforesaid."

{¶ 7}   Defendant submitted a photograph depicting the roadway site of State Route 8 where plaintiff's described incident occurred.  The photograph is undated,  The photograph shows the curb, storm sewer and portion of the roadway of State Route 8 with the focus directed on the storm sewer.  From a review of the photograph, it appears

the top of the storm sewer is angled from the curb area with one side of the top of the sewer protruding from the curbed area perhaps a maximum of two inches. Plaintiff also submitted multiple photographs (taken June 2, 2009), depicting the storm sewer on the curb area of State Route 8. From a review of these photographs, it appears to the trier of fact that the top of the storm sewer protrudes a maximum of two inches from the curbed area on State Route 8. Defendant contended, "the Village of Northfield is responsible for the maintenance of the roadway upon which plaintiff's incident occurred." Defendant based this position on the fact that the damage-causing storm sewer was located off the traveled portion of State Route 8 and was therefore the maintenance responsibility of the Village of Northfield and not the statutory[1] maintenance responsibility of ODOT.

{¶ 8} Plaintiff filed a response document insisting the top of the storm sewer was protruding "at least eight (8) inches" onto the traveled portion of State Route 8 at the time the vehicle he was driving struck the storm sewer. The trier of fact finds, from reviewing the photographs submitted, that the storm sewer was protruding approximately no more than two inches from the curbed area off the traveled portion of the roadway. Plaintiff suggested defendant created the protruding storm sewer condition while conducting snow removal activities on State Route 8 presumedly during the winter months of 2008-2009. Plaintiff related, "ODOT snow plows are likely to have caught the sewer while hugging the curb of the highway." Plaintiff did not submit any evidence to substantiate his allegation that ODOT snow removal operations caused the storm sewer "to have been pushed out of alignment." Plaintiff referenced the Village of Northfield Ordinance NO. 1968-83, particularly the language stating:

{¶ 9} "Said <u>Village shall save the Department of Highways of the State of Ohio</u> and the State of Ohio <u>from any and all claims</u> of any nature arising from or growing out of the maintenance of the highways within said Village as aforesaid." (Emphasis added by plaintiff.)

{¶ 10} Plaintiff advised that defendant should move to have the Village of

---

[1] R.C. 5521.01 provides in pertinent part:

"The director of transportation, upon the request by and the approval of the legislative authority of a village, shall maintain, repair, and apply standard longitudinal pavement marking lines as the director considers appropriate, or may establish, construct, reconstruct, improve, or widen any section of a state highway within the limits of a village."

Northfield joined as a defendant in this action.

{¶ 11} After reviewing all the evidence submitted in this action, the court concludes ODOT is not the proper party defendant in this action. Based on the language of the Village of Northfield Ordinance No. 1968-83 (referenced above), the Village assumed responsibility for any claims arising from maintenance activity attributable to ODOT.

{¶ 12} R.C. 2743.01(A) and (B) provide:

{¶ 13} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions.

{¶ 14} "(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas small than that of the state to which the sovereign immunity of the state attaches."

{¶ 15} R.C. 2743.02(A)(1) states in pertinent part:

{¶ 16} "(A)(1) The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties ***."

{¶ 17} Furthermore, R.C. 2743.03(A)(1) provides in pertinent part:

{¶ 18} (A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code ***."

{¶ 19} Based on the facts of this claim, plaintiff's action does not lie against the state, but rather a political subdivision. Consequently, the court does not have jurisdiction over the matter presented and therefore plaintiff's claim is dismissed.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

RICHARD F. HULEC

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-06150-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

                                          _____

                                          DANIEL R. BORCHERT
                                          Deputy Clerk

Entry cc:

Richard F. Hulec                     Jolene M. Molitoris, Director
11198 Valley View Road           Department of Transportation
Sagamore Hills, Ohio 44067       1980 West Broad Street
                                    Columbus, Ohio 43223

RDK/laa
4/14
Filed 5/5/10
Sent to S.C. reporter 9/2/10